ELECTRONICALLY FILED
2025 Mar 19 12:49 PM
CLERK OF COURT - CIRCUIT

# Exhibit 1

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

**SHANKHO GANGULI,**

    **Plaintiff,**

**VS.**
                                **No. CT-**
                                **Part**
                                **JURY DEMANDED**

**FOCUS CPA GROUP, INC., and**
**AMIT CHANDEL, Individually,**

    **Defendants.**

---

## COMPLAINT FOR RESCISSION AND/OR DAMAGES

---

COMES NOW the Plaintiff, Shankho Ganguli, by and through his legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and files his Complaint for Rescission and/or Damages as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Shankho Ganguli (hereinafter referred to as "Plaintiff") at the Time periods relevant in this matter was an adult resident and citizen of Shelby County, Tennessee.

2.   Upon information and belief the Defendant, Focus CPA Group, Inc. (hereinafter individually referred to as "Focus" and collectively as "Defendant"), is a for-profit company improperly conducting business in Shelby County, Tennessee, and may be served with process on its registered agent, owner or managing shareholder, Amit Chandel, 3000 E. Birch Street, Suite 103, Brea, California 92821.

3.   Upon information and belief the Defendant, Amit Chandel (hereinafter individually referred to as "Chandel" and collectively as "Defendant"), is an adult resident and citizen of the State of California and may be served with process at 3000 E. Birch Street, Suite 103, Brea, California 92821.

4.   For purposes of this Complaint, all Defendants named in Paragraphs 2 and 3 shall be collectively referred to as "Defendant".

5.   Jurisdiction and Venue in the instant case are properly found in Shelby County, Tennessee, pursuant to T.C.A. § 20-4-101 and related sections.

## FACTUAL ALLEGATIONS

6.   Sometime in June of 2024, the Plaintiff began communication with the Defendant who advertised and/or made representations that the Defendant conducts business and assists consumers and taxpayers in Shelby County, Tennessee.  At that time, the Plaintiff paid the Defendant an initial consultation fee of $2,495.00.

7.   In particular, the Defendant represented to the Plaintiff that if the Plaintiff retained and paid the Defendant, it could assist the Plaintiff in saving substantial sums of money through "advanced tax strategies" starting in 2024.

8. These representations, along with more representations, were made by Defendant Chandel and as such Chandel should be held individually liable for his actions and/or omissions for the reasons stated herein in that Defendant Focus's corporate veil be pierced based upon the factors under Tennessee law.

9. In reasonable reliance upon the representations made by the Defendant, the Plaintiff entered into an agreement with the Defendant (hereinafter "Agreement"). A copy of said Agreement is attached hereto and incorporated herein as Exhibit 1.

10. On or about July 22, 2024, the Plaintiff paid the Defendant another payment of $18,000.00 which was made in reasonable reliance based upon the "tax savings" that the Defendant represented the Plaintiff would receive. As part of this payment, the Defendant affirmatively represented to the Plaintiff "that his team would handle all aspects of implementing the strategy, including tax filing, LLC setup, and arranging equipment leasing" for the 2024 tax calendar year.

11. On or about September 19, 2024, the Plaintiff paid the Defendant an additional $3,599.92 to the Defendant for the filing of the Plaintiff's 2023 tax return.

12. Thereafter it appeared that the Defendant was proceeding forward with implementing the "tax savings strategies" that were represented to the Plaintiff by the Defendant. For instance, an LLC was set up for the Plaintiff.

13. However and shortly thereafter the Plaintiff began to experience significant and substantial delays from the Defendant. Moreover, the communication and apparent work from the Defendant in implementing the so called "tax savings strategies" for 2024 appeared to stop and became what appeared to be almost non-existent.

14. In fact, on or about December 10, 2024, a meeting with the Plaintiff and the Defendant was scheduled. However, at the last minute, said meeting was cancelled by the Defendant.

15. Since that time, the Plaintiff made repeated and continuous attempts to contact the Defendant to determine the status of his matter. Those communications were not properly and/or timely responded to by the Defendant and as such – the so called "tax savings strategies" were unable to be implemented at all.

16. Thereafter, the Plaintiff demanded rescission, cancellation of the Agreement, and a refund from the Plaintiff. Said demands were not responded to by the Defendant.

17. In early 2025, the Plaintiff retained counsel who also made more than one attempt to resolve this matter and also requested the Defendants' position on mediation and/or arbitration of this matter as mentioned in the Agreement. To date, said demands and requests were not responded to – at all.

18. As noted, after the Plaintiff paid enormous amounts of money to the Defendant, the Defendant did not complete any of the items that the Defendant promised and represented it would do. More importantly, the Plaintiff did not receive the benefits he was promised and is in a tremendously worse position now – than when the Plaintiff started his dealings with the Defendant.

## FIRST CLAIM – BREACH OF CONTRACT

19. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

20. This claim is for breach of contract against the Defendant.

21. The Plaintiff has performed all of the terms and conditions of his agreement with the Defendant.

22. The Defendant and/or their employees, agents, or other individuals acting on their behalf, materially breached the parties' contract by engaging in the actions and/or omissions mentioned herein and/or by not taking appropriate – or any actions other than taking the Plaintiff's money.

23. As a sole, direct, and proximate cause of the Defendant's breach of contract, the Defendant was unjustly enriched as the Defendant retained the full use and benefit of the Plaintiff's funds without providing any substantive benefit in return. In addition, the Plaintiff has and continues to incur substantial damages.

## SECOND CLAIM – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

25. This claim is for breach of the implied covenant of good faith and fair dealing against the Defendant.

26. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. The implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of his or her agreement. This covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the agreement to accomplish its purpose. This covenant protects the benefits of the agreement the parties reasonably contemplated when they entered into the contract.

27. The Defendant did not deal fairly with the Plaintiff in connection with the parties' Agreement as stated herein. In addition, the Defendant ultimately refused to resolve their actions and/or omissions with the Plaintiff in an equitable fashion and/or pursuant to the terms and conditions of the Agreement.

28. The Defendant enjoyed substantial discretionary power affecting the rights of the Plaintiff during the events alleged herein and were required to exercise such substantial discretionary power in good faith.

29. The actions of the Defendant were a bad faith breach of contract between the Plaintiff and Defendant, which show that said Defendant had no intention whatsoever of performing the parties' contract in good faith.

30. As a sole, direct, and proximate cause of the Defendant's actions and/or omissions amounting to a breach of the implied covenant of good faith and fair dealing, the Plaintiff has and continues to incur substantial damages.

## THIRD CLAIM – FRAUD AND/OR MISREPRESENTATION

31.  The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

32.  The Defendant and/or their employees, agents, representatives, or other individuals working on their behalf, engaged in fraud and/or misrepresentation when they falsely represented to the Plaintiff:

 a. That the Defendant conducts business and assists consumers and taxpayers in Shelby County, Tennessee;

 b. That the Defendant could assist the Plaintiff in saving substantial sums of money through "advanced tax strategies" starting in 2024; and/or

 c. That the Defendant's team would handle all aspects of implementing the strategy, including tax filing, LLC setup, and arranging equipment leasing" for the 2024 tax calendar year.

33.  The Defendant and/or their employees, agents, representatives, or other individuals working on their behalf, engaged in fraud and/or misrepresentation when they falsely represented to the Plaintiff that their goods and/or services had the sponsorship, approval, characteristics, ingredients, uses, benefits, and qualities that they do not actually have.

34.  The Defendant and/or their employees, agents, representatives, or other individuals working on their behalf, engaged in fraud and/or misrepresentation when they falsely represented to the Plaintiff that their goods and/or services were of a particular standard, quality, or grade which they do not possess.

35. The Defendant and/or its employees, agents, representatives, or other individuals working on their behalf, engaged in fraud and/or misrepresentation when they falsely represented to the Plaintiff that this business transaction conferred or involved rights and remedies which it did not have or involve or which are prohibited by law.

36. The Defendant's actions were intentional, willful, malicious, and/or reckless and entitle the Plaintiff to punitive damages. The Defendant knew of the foregoing falsehoods and made them recklessly with the intent to deceive the Plaintiff and to induce him into entering into the agreements mentioned herein.

37. Alternatively, the Defendant's actions and/or omissions were negligent in that the Defendant failed to exercise due care and should have reasonably foreseen that their herein-stated actions and/or omissions would harm or damage the Plaintiff financially and/or in other respects.

38. As a sole, direct, and proximate cause of the Defendant's actions and/or omissions, the Plaintiff has and continues to incur substantial damages.

## FOURTH CLAIM – VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

39. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

40. This claim is for violations of the Tennessee Consumer Protection Act of 1977 as stated in T.C.A. § 47-18-101, et seq. (hereinafter referred to as the "TCPA") by the Defendant and/or their agents, employees, representatives, and/or other individuals acting on their behalf.

41. As a result of the above, inter alia, the Defendant committed one or more unfair and/or deceptive acts or practices in violation of the TCPA under sections 47-18-104(b)(5); 47-18-104(b)(7); and/or 47-18-104(b)(12).

42. As a result of the Defendant's intentional, willful, and/or knowing violations of the TCPA, the Plaintiff was damaged, and the Defendant is liable to the Plaintiff in the sum of three (3) times his actual damages, reasonable attorney fees, and costs of litigation.

## FIFTH CLAIM – BREACH OF FIDUCIARY DUTY

43. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

44. As an entrusted agent to represent the interests of the Plaintiff regarding his financial affairs, the Defendant owed to the Plaintiff a fiduciary duty of loyalty to refrain from engaging in acts of self-dealing and engaging in acts that may be detrimental to the Plaintiff.

45. The Defendant breached their fiduciary duty of loyalty when they engaged in the above-described actions and/or omissions.

46. As a result of Defendant's breach of fiduciary duty, the Plaintiff has and continues to suffer substantial damages.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues which may be determined by a jury.

**WHEREFORE, PREMISES CONSIDERED, your Plaintiff pray:**

1. That proper process be issued and served upon the Defendants, requiring them to answer this Complaint for Rescission and Damages within the time allotted by the Tennessee Rules of Civil Procedure.

2. That this Court rescind, vacate and set aside any agreements executed between the parties and pierce the corporate veil of Defendant Focus and hold the Defendants jointly and severally liable for any amounts of money awarded to the Plaintiff.

3. That the Plaintiff be awarded a compensatory judgment against the Defendants, jointly and severally, in an amount of not less than $50,000.00, or an amount to be more specifically proven either before or at trial.

4. That the Plaintiff be awarded a judgment against the Defendants, jointly and severally, in an amount of not less than $150,000.00 in punitive damages or an amount to be more specifically determined at a later date.

5. That the Plaintiff be awarded a judgment against the Defendants, jointly and severally, in the minimum amount of $150,000.00 in treble damages at the maximum rate permitted by law pursuant to the Tennessee Consumer Protection Act.

6. That this Court make a specific finding that the Defendants violated the Tennessee Consumer Protection Act and temporarily restrain and permanently enjoin Defendants from committing these acts and/or practices in the future.

7. That the Plaintiff be awarded reasonable attorney fees against the Defendants, jointly and severally, pursuant to the Tennessee Consumer Protection Act.

8. That the Plaintiff be awarded prejudgment interest at the maximum rate permitted by law against the Defendants.

9. That the Plaintiff be awarded discretionary costs as this Court deems appropriate.

10. That the Plaintiff be awarded the court costs and other expenses of this action.

11. That the Plaintiff be awarded such other and further relief to which she may be entitled by law.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS MATTER; NO OTHER CHANCELLOR OR JUDGE HAS REFUSED THE RELIEF SOUGHT.

Respectfully submitted,

SNIDER & HORNER, PLLC

KEVIN A. SNIDER (B.P.R. #18231)
Attorney for the Plaintiff
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777

ELECTRONICALLY FILED
2025 Jun 19 12:47 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**SHANKHO GANGULI,**

    **Plaintiff,**

v.

                                          **No. CT-1103-25**
                                          **Div. I**
                                          **JURY DEMANDED**

**FOCUS CPA GROUP, INC., and
AMIT CHANDEL, Individually,**

    **Defendants.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COMES NOW the Plaintiff, Shankho Ganguli (hereinafter "Plaintiff"), by and through his legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and serves the following First Set of Interrogatories and Requests for Production of Documents upon the Defendants, Focus CPA Group, Inc. and Amit Chandel ("hereinafter Defendant"), to be answered under oath, and requests that a signed and verified copy of Defendants' answers be served upon counsel of record at Snider & Horner, PLLC, Corporate Gardens, 9056 Stone Walk Place, Germantown, Tennessee 38138, pursuant to the scheduling order entered in this matter.

## INTERROGATORY INSTRUCTIONS AND DEFINITIONS

1.      As used herein, the terms "you", "your", "yourself", "yourselves" and/or "the Defendant" refer to both Focus CPA Group, Inc. and Amit Chandel, and/or any authorized agents, employees, representatives, associates, and/or contractors thereof.

2.      As used herein, the term "person" shall include natural persons, firms, partnerships, associations, joint ventures, corporations, agencies, boards, authorities, commissions, governmental entities, and any other form of legal or informal entity.

3.      As used herein, the term "lawsuit" shall refer to the pending lawsuit in Shelby County Circuit Court under Docket Number CT-1103-25.

4.      State whether the information furnished is within the personal knowledge of the person answering and, if not, the name, if known, of each person to whom the information is a matter of personal knowledge.

5.      The term "Document" shall be defined as the original, and if the original is unavailable, any copy of any tangible thing or subject matter having any informational content whatsoever, which is now in the actual or constructive possession, custody, or control of you, your attorneys, or your representatives of any type whatsoever. Without limiting the generality of the foregoing, and for the purpose of illustration only, the term "Document" shall include, but not be limited to, the following:

a.  Handwritten, printed, typewritten, computer generated, recorded, graphic or photographic material of any kind or character; and

b.  Any and all tapes, disks, and non-duplicate copies and transcripts thereof; and

c.  Any and all memoranda, books, records, filings, reports, notes, desk calendars, diaries, telegrams, transcripts, cables, telex transactions, correspondences, graphs, charts, letters, lists, minutes, agendas, computer print-outs, data compilations, drafts, contracts, agreements, notations of conversations or conferences, inter-office and intra-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, teletype messages, drawings, tables, financial statements and records, accounting statements and records, invoices, worksheets, ledgers, vouchers, receipts, and all other writings of any and every description; and

d.  Any and all photographs, movies, tapes, electromagnetic audio or video recordings, laser disks, microfilms, microfiche, computer cards, computer tapes, computer disks or diskettes, computer programs, sound records, and any and all other records of any and every description; and

e.  Any and all drafts or copies of any of the objects defined as documents in parts (a)-(d) above, which are not identical to the original of such document.

6.  "And" as well as "or" as used herein shall be read and applied as though interchangeable and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

7.  When an interrogatory requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer all facts that you think support, refer to, or evidence such claim, contention, or allegation.

8.  As used herein, "identify" or "identification" shall mean:

a.  When used in reference to a person, such terms shall call for his or her full name, present or last-known address, telephone number, present or last place of employment, relationship to you, and the events relative to this litigation.

b.  When used in reference to a document, such terms shall call for its date, its author, the person to whom it was directed (if applicable), the type of document (if applicable), its present location, each of its present custodians, and a detailed summary of its contents.

c.  If any interrogatory requests identification of a document and such document was, but is no longer, in the possession or subject to the control of you, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred to others, or (d) has been otherwise disposed of, and in each such instance, explain the circumstances surrounding such disposition and any authorization for said disposition and the date or approximate thereof.

9.    In lieu of a summary of the contents of any document as required by these instructions, you may furnish simultaneously with the filing of answers to these interrogatories, such document for inspection and copying; and, in the event you choose to produce the document in lieu of summarizing its contents, your answers to these interrogatories should state with particularity the document being produced and such document should accompany the answer.  When producing the actual document in lieu of a summary thereof, you admit the authenticity of the document produced.

10.    The singular and plural of words shall be interpreted either in the singular or plural to bring within the scope of these interrogatories any information that might otherwise be construed to be outside the scope of these interrogatories and shall not be interpreted so as to exclude any information otherwise within the scope of any one or more of these interrogatories.

11.    As used herein, the present shall always include the past tense.

12.     To simplify the issues and resolve as many matters of fact as possible before trial, you are further requested that if the interrogatories or portions thereof cannot be answered fully, it shall be answered to the extent possible with the reasons for not answering more fully to be set out specifically.  If you object to answering or fail to answer any interrogatory calling for certain information or to the identification of certain documents on the grounds of either Attorney/Client Privilege or the Work Product Doctrine, or both, or any other claim of privilege, then as to such information or such documents allegedly subject to such asserted objection, you are requested to supply identification of such information or such documents, in writing, with sufficient specificity to permit the Court to reach a determination in the event of a Motion to Compel about the applicability of the asserted objection, together with an indication of the basis for the assertion of the objection based on Attorney/Client Privilege or the Work Product Doctrine, or any other claim or privilege.  Such partial identification called for by this instruction shall include the nature of the document (for example, interoffice memoranda, correspondence, report), the sender or author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the name appearing on any circulation list associated with such document, and a summary statement of the subject matter of the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel, but not so complete as to vitiate the effectiveness of the assertion of the objection.

13.    These interrogatories are continuing in nature, and supplemental answers should be supplied in the event that additional or different information becomes available.  Supplemental answers are to be filed and served pursuant to the scheduling order in this matter.

14.    In answering these interrogatories, furnish such information as is available to you, not merely such information as is of your own knowledge.  This means you are under a duty to furnish information that is known by or in the possession of at least your employers, employees, doctors, attorneys, agents, investigators, examiners, and/or testators employed by you or in your behalf.

15.    "The Property" or "the subject Property" or "Property" shall mean the real property owned by Brittney Cross located at 45 Branston Cove, Eads, Fayette County, Tennessee, including the Lot and all improvements thereon, and shall all refer to the same subject property, and should be construed as such unless specifically stated otherwise.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**    Please fully identify each person assisting you with preparing your answers to these First Set of Interrogatories and Requests for Production of Documents, by stating the full name; home address and telephone number; place of employment, address and telephone number of employment, and each identified person's relationship to the Defendant, including, but not limited to,  all current and former positions/titles held with Defendant.

Page 6 of 21

**INTERROGATORY NO. 2:**    Please fully identify by full names, home and business addresses, employer or organization he or she is associated, and personal and business telephone numbers of each person you expect to call as an expert witness, either in person or by deposition, at any hearing or the trial of this case, and state the subject matter on which each expert is expected to testify; the education, experience or other bases that qualify each identified individual as an expert; the substance of the facts and opinions to which each expert is expected to testify, including all defenses and allegations; the names, titles, and publishers of all treatises, articles, pamphlets, journals, monographs, texts, books, publications, and/or other authorities relied upon by your expert; and a summary of the grounds for each opinion.    PLEASE TAKE NOTICE THAT AN OBJECTION WILL BE RAISED AT TRIAL TO ANY PERSON TESTIFYING WHO IS NOT LISTED IN RESPONSE TO THIS INTERROGATORY OR ANY (SUPPLEMENTAL) ANSWERS TO INTERROGATORIES REGARDING EXPERT WITNESSES.

**INTERROGATORY NO. 3:**    Please identify by name, address, and telephone number all persons and entities known to you, or about whom you have been informed, who has or purports to have knowledge of any discoverable matter pertaining to any claim in this lawsuit or any aspect of the events giving rise to this lawsuit, and for each person and entity identified, state the substance of his, her, or its individual knowledge of such matters.

**INTERROGATORY NO. 4:**      Please fully identify by name, address, and telephone number all persons you intend to call as a witness at any hearing or the trial of this matter. PLEASE TAKE NOTICE THAT AN OBJECTION WILL BE RAISED AT TRIAL TO ANY PERSON TESTIFYING WHO IS NOT LISTED IN RESPONSE TO THIS INTERROGATORY OR ANY (SUPPLEMENTAL) ANSWERS TO INTERROGATORIES REGARDING WITNESSES.

**INTERROGATORY NO. 5:**      Please fully identify, fully describe, and itemize with specificity any and all communications you had with the Plaintiff at any time.

**INTERROGATORY NO. 6:**      Please identify each and every person known to you or anyone acting on your behalf who has, who may have, or who claims to have possession or knowledge of any written or recorded statement, recorded telephone conversation, photograph, video, drawing, report, estimate, or other document or thing related to, pertinent to, or in any way deals with the issues in the subject lawsuit or the events described therein, whether original or copy and whether stored in hard-copy form or electronically, and whether or not you plan to use same at trial. For each person identified, please describe the item(s) of which that person has, or is believed to have, possession or knowledge, including any document reasonably anticipated to be used for impeachment.

**INTERROGATORY NO. 7:**        Please identify all services you provide and/or have provided to residents of the State of Tennessee at any time.

**INTERROGATORY NO. 8:**        Please fully explain and thoroughly describe how you became involved with the Plaintiff as well as how the parties ultimately entered into and executed the agreements and/or contracts that are the subject of this lawsuit.

**INTERROGATORY NO. 9:**        Please describe in detail, including the time, date, place and substance, of all communications or meetings you had with the Plaintiff or other party named in this lawsuit, whether individually, or as a group, concerning the facts giving rise to this lawsuit.

**INTERROGATORY NO. 10:**        If you have had any non-privileged communication whatsoever with any non-party regarding the events giving rise to this lawsuit, or regarding any of the parties' involvement in the events giving rise to this lawsuit, please list for each such communication:

      a)  the person to whom such communication was made, whether in writing, orally, or recorded;

      b)  the date of such communication;

      c)  the content of such communication; and

      d)  if a record of such communication exists, the location of same.

**INTERROGATORY NO. 11:**    Please list in dated chronological order, itemize and thoroughly describe in specific detail any and all work completed and/or services provided by you, or any persons or entities working under or through you, in regard to the Plaintiff.

**INTERROGATORY NO. 12:**    Please list and itemize all monies paid to you by the Plaintiff.

**INTERROGATORY NO. 13:**    Please identify and describe the business structure and personnel hierarchy of Focus CPA Group, Inc., and its parent, subsidiary, and/or successor entities as applicable, including, but not limited to, all dates and places of registration of the business entity; all directors, officers and shareholders past and present, including for each member their official business title or similar as applicable; and all addresses and phone numbers of the business past and present.

**INTERROGATORY NO. 15:**    Please identify the full names, home and business addresses, and personal and business telephone numbers of all individuals employed by you at any time that has or had any dealings with the Plaintiff.

**<u>INTERROGATORY NO. 16:</u>**    Please identify and thoroughly describe all business, operational, professional, and/or similar licenses or certifications held by you including the state or states that it would be applicable in.

**<u>INTERROGATORY NO. 17:</u>**    Please identify and describe in detail your understanding of any/all complaints or concerns of the Plaintiff brought to your attention including the time, date, place, and by whom the complaint or concern was received; the nature and substance of said concern or complaint; and what action(s) were taken to resolve the complaints or concerns.

**<u>INTERROGATORY NO. 18:</u>**    Please state whether or not you have fully completed and complied with all of the terms and conditions of any agreement or contract with the Plaintiff.    If your answer is in the affirmative, please state the date of completion.    If your answer is in the negative, please list, itemize and fully describe any and all items that were not completed.

**<u>INTERROGATORY NO. 19:</u>**    Please list, itemize and fully describe any and all statements and/or invoices that you sent to the Plaintiff at any time.    In addition, please list, itemize and fully describe any and all supporting documentation for such statements and/or invoices.

**INTERROGATORY NO. 20:**    Please list and itemize any and all payments received by you from the Plaintiff and specifically describe what it was for.

**INTERROGATORY NO. 21:**    Please list, itemize and fully describe any disciplinary complaints, stop work orders, fines, and/or penalties that you have ever received from any local, state and/or national organization and/or regulatory and/or disciplinary authority.

**REMEMBER THAT THE ABOVE INTERROGATORIES ARE CONTINUING IN NATURE AND SHOULD BE SUPPLEMENTED AS YOU BECOME AWARE OF ADDITIONAL OR DIFFERENT INFORMATION.**

## INSTRUCTIONS AND DEFINITIONS
## REQUESTS FOR PRODUCTION OF DOCUMENTS

A.    The undersigned attorney hereby requests that you ("You" means by you individually and anyone you are involved with jointly, such as partner or co-owner) produce and permit inspection of the documents and tangible objects listed below.

B.    Document includes the original and any other nonidentical copy (whether different from the original because of notes made on such or otherwise) of all notes, minutes of meetings, reports, calls, letters, telegrams, memoranda, transcripts of telephone conversations, diaries, sound reports, and all other documentary material of any nature whatsoever, together with any attachments thereto or enclosures therewith.

C.    These requests are continuing in character.   You are required to produce supplementary responses to requests for documents and such additional documents if you obtain further or different documents from those that are described herein.   If you fail to produce documents about any expert or fact witness sufficiently before trial so that we can prepare properly for their testimony, we intend to object to that witness being allowed to testify.

D.   "You" includes anyone acting on your behalf.

E. "Your" or "owned by you" includes any interest you have, including, but not limited to, interests held in trust for you or in which you or someone held an interest for you in any degree.

F. In responding to these requests, you are to furnish such documents as are available to you and any that you have access to that are currently in possession of any agent, servant, or employee, including, but not limited to, doctors, attorneys, investigators, examiners, testators, and/or evaluators employed by you or in your behalf.

G. If any of the requested documents is privileged material and would otherwise be producible hereunder, you are to identify said material and explain why it is privileged.

H. Pursuant to Rule 34.02 of the Tennessee Rules of Civil Procedure, you are to organize and label the documents you produce to correspond with the paragraphs in this request. When there is more than one type of document for a request, you are to use subfiles to keep these documents separate.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**        Please produce all documents and/or things relied upon in answering any of these Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**    Produce the curriculum vitae, resume or equivalent of any experts whose testimony you intend to offer at any hearing or the trial of this matter, and copies of any and all items, documents and correspondence which you used or referred to in answering Interrogatory No. 2

**REQUEST FOR PRODUCTION NO. 3:**    Please produce all documents and things that were reviewed, referenced, or relied upon by each expert, whose testimony you intend to introduce at a hearing or trial, in forming his or her opinion. All documents and things covered by this request should be produced regardless of whether they support the expert's testimony.

**REQUEST FOR PRODUCTION NO. 4:**    Please produce all reports or any other documents and things prepared by any person whom you may call as an expert witness at trial or any hearing.

**REQUEST FOR PRODUCTION NO. 5:**    Please produce all documents and communications that you had with the Plaintiff.

**REQUEST FOR PRODUCTION NO. 6:**    Please produce copies of all items that you completed on behalf of the Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**      Please produce all documents and things that in any way relate to the work and/or services you performed or provided to the Plaintiff, or in any way relate to the subject matter of this lawsuit, except for those prepared by your attorney or created after the filing of this lawsuit. If the documents are not in your or your attorney's possession or custody, please identify the name, address, and phone number of persons or entities in possession or custody of each such document

**REQUEST FOR PRODUCTION NO. 8:**      Produce copies of all documents or correspondence that were produced and/or received by you in connection with the commencement of your involvement with the Plaintiff, and those of which you used or referred to in answering any Interrogatory.  If the documents are not in your or your attorney's possession or custody, please identify the name, address, and phone number of persons or entities in possession or custody of each such document.

**REQUEST FOR PRODUCTION NO. 9:**      Separately produce a complete copy of all contracts, receipts, billing invoices, statements, time sheets, and/or any and all documents which you signed or authorized and/or received in connection with any work and/or services provided to the Plaintiff and/or related to any of your answers to any Interrogatories.

**REQUEST FOR PRODUCTION NO. 10:**    Produce copies of all records or any notes (handwritten, typed, or electronic), memoranda, journals, diaries, or other documents received or prepared by you, or anyone acting on your behalf, regarding or memorializing the conversations that you had with any parties, witnesses or other persons with knowledge that relate to the issues in this lawsuit, including any notes you took following telephone conversations, messages, or meetings in any way related to the issues complained of by the Plaintiff, except for those prepared by your attorney or created after the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**    Please produce all communications you have regarding the subject matter of this lawsuit, excluding communications protected by attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 12:**    Please produce any and all communications between you and the Plaintiff at any time including but not limited to billing, invoices, and/or statements.

**REQUEST FOR PRODUCTION NO. 13:**    Produce copies of any and all distributed, posted or published advertisements, brochures, videos, photos, posts (whether in hard-copy or electronic) or other similar materials used in any form or fashion of the marketing of your services.

**REQUEST FOR PRODUCTION NO. 14:**    Please produce any and all documents and things received by you from any local, state or national governmental or regulatory or disciplinary body in regard to any discipline you have received at any time.

**REQUEST FOR PRODUCTION NO. 15:**    Please produce any and all documentation, notes (handwritten, typed, or electronic), memoranda, texts, emails, journals, diaries, logs or other documents prepared by you or anyone acting on your behalf regarding the Plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**    Produce copies of any and all records, reports, notes (handwritten, typed, or electronic), memoranda, journals, diaries, or other documents prepared and/or received by you or anyone acting on your behalf in any way related to the Plaintiff or the work or services your provided to the Plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**　　　To the extent not already produced in response to one or more of these requests, provide copies of all documents or correspondence, whether in hard copy or electronic copy, which you identified, used or referred to in answering the above Interrogatories or Requests for Production of Documents, which relates to the issues in this lawsuit or the Plaintiff. If the documents are not in your or your attorney's possession or custody, please identify the name, address, and phone number of persons or entities in possession or custody of each such document.

**REQUEST FOR PRODUCTION NO. 18:**　　　To the extent not produced in response to any Request above, please produce any diagrams, photographs, recordings (other than those referenced above), or videos which relate to the issues in this lawsuit or the Plaintiff.

**REQUEST FOR PRODUCTION NO. 19:**　　　To the extent not produced in response to any Request above, please produce all documents which you or any witness which you intend to call at trial will read from or introduce as evidence at the trial of this civil action.

**REQUEST FOR PRODUCTION NO. 20:**　　　To the extent not produced in response to any Request above, please produce all demonstrative evidence which you will seek to utilize at the trial of this civil action.

**REQUEST FOR PRODUCTION NO. 21:**     To the extent not produced in response to any Request above, please produce copies of any and all checks and/or documentation of payments sent or received from anyone or entity in regard to the Plaintiff.

**REQUEST FOR PRODUCTION NO. 22:**     Please produce copies of your Federal and State tax returns and financial records, including sales and expense records, for years 2022 through 2024 as well as your year to date income and expenses or profit/loss statements.  If the items are not in your or your attorney's possession or custody, please identify the name, address, and phone number of persons or entities in possession or custody of each such document.

**REMEMBER THAT THE ABOVE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS ARE CONTINUING IN NATURE AND SHOULD BE SUPPLEMENTED AS YOU BECOME AWARE OF ADDITIONAL OR DIFFERENT INFORMATION.**

Respectfully submitted,

SNIDER & HORNER, PLLC

KEVIN A. SNIDER (#18231)
9056 Stone Walk Place
Germantown, TN 38138
O: (901) 751-3777
F: (901) 759-0041
ksnider@kevinsnider.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I, Kevin A. Snider, hereby certify that the foregoing document has been properly filed with the Clerk of Court and properly served upon the following via facsimile, FedEx delivery, e-mail, and/or U.S. Mail, postage prepaid, on this the ___14th___ day of June 2025:

William C. Podesta (#36303)
LEWIS THOMASON
40 South Main, Suite 2900
Memphis, TN 38103-5529
(901) 525-8721
wpodesta@lewisthomason.com
*Attorney for Defendants*

KEVIN A. SNIDER

ELECTRONICALLY FILED
2025 Jun 02 12:42 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHANKHO GANGULI,

      **Plaintiff,**

v.

                               **No. CT-1103-25**
                               **Div. I**
                               **JURY DEMANDED**

FOCUS CPA GROUP, INC., and
AMIT CHANDEL, Individually,

      **Defendants.**

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSION TO PLAINTIFF

COMES NOW the Plaintiff, Shankho Ganguli, by and through his legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and responds to Defendants, Focus CPA Group, Inc. ("Focus"), and Amit Chandel ("Mr. Chandel") (collectively, "Defendants"), First Request for Admission as follows:

**REQUEST NO. 1**: Please admit that you, Plaintiff, Shanko Ganguli, do not reside in Tennessee.

**RESPONSE: Admitted that I do not currently reside in Tennessee, but was a resident of Tennessee during the course of the events listed in the Complaint filed on March 19, 2025.**

Respectfully submitted,

SNIDER & HORNER, PLLC

_____
KEVIN A. SNIDER (#18231)
9056 Stone Walk Place
Germantown, TN 38138
O: (901) 751-3777
F: (901) 759-0041
ksnider@kevinsnider.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I, Kevin A. Snider, hereby certify that the foregoing document has been properly filed with the Clerk of Court and properly served upon the following via facsimile, FedEx delivery, e-mail, and/or U.S. Mail, postage prepaid, on this the ___2*M*___ day of June 2025:

William C. Podesta (#36303)
LEWIS THOMASON
40 South Main, Suite 2900
Memphis, TN 38103-5529
(901) 525-8721
wpodesta@lewisthomason.com
*Attorney for Defendants*

_____
KEVIN A. SNIDER

ELECTRONICALLY FILED
2025 May 20 8:14 PM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS**

SHANKHO GANGULI,

      Plaintiff,

                                      No. CT-1103-25

v.                                   Division I

FOCUS CPA GROUP, INC., and           **JURY DEMANDED**
AMIT CHANDEL, individually,

      Defendants.

---

**DEFENDANTS' FIRST REQUEST FOR ADMISSION TO PLAINTIFF**

---

Defendants, Focus CPA Group, Inc. ("Focus"), and Amit Chandel ("Mr. Chandel") (collectively, "Defendants"), by and through undersigned counsel, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, submit the following First Request for Admission to Plaintiff:

    <u>**REQUEST NO. 1:**</u>   Please admit that you, Plaintiff, Shankho Ganguli, do not reside in Tennessee.

                                Respectfully submitted,

                                **LEWIS THOMASON**

                                BY: <u>s/ William C. Podesta</u>
                                WILLIAM C. PODESTA (36303)
                                40 South Main, Suite 2900
                                Memphis, TN  38103-5529
                                (901) 525-8721
                                wpodesta@lewisthomason.com
                                *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that a copy of the foregoing has been forwarded to counsel of record below via electronic mail and/or U.S. Mail, postage pre-paid on the 20th day of May, 2025.

Kevin Snider, Esq.
SNIDER HORNER, PLLC
Corporate Gardens
9056 Stone Walk Place
Germantown, TN  38138
*Attorneys for Plaintiffs*

   s/ William C. Podesta
WILLIAM C. PODESTA

ELECTRONICALLY FILED
2025 May 20 8:14 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS

SHANKHO GANGULI,

      Plaintiff,

                                No. CT-1103-25

v.                             Division I

FOCUS CPA GROUP, INC., and        **JURY DEMANDED**
AMIT CHANDEL, individually,

      Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come now Defendants, Focus CPA Group, Inc. ("Focus"), and Amit Chandel ("Mr. Chandel") (collectively, "Defendants"), by and through undersigned counsel, pursuant to Rules 8 and 12 of the Tennessee Rules of Civil Procedure, submit the following Answer to Plaintiff's Complaint for Recission and/or Damages ("Complaint"):

### <u>MOTION TO COMPEL ARBITRATION</u>

Defendants respectfully move this Honorable Court for an Order either compelling arbitration and staying proceedings. This case is based upon allegations sounding in breach of contract. However, the contract at issue contains a provision requiring the parties to submit their disputes to mediation and, if unsuccessful, to arbitration. (<u>See</u> Ex. 1 to Pl's Compl., at 5.) Defendants submit that this contract should be enforced and that said contract effectively deprives this Court of jurisdiction over the merits of Plaintiff's various claims for damages. Therefore, Defendants respectfully move this Court under the Federal Arbitration Act for an order enforcing the Agreement and thereby compelling the arbitration of all of Plaintiff's claims in this case. Defendants further move the Court for an order staying all proceedings in this Court insofar as

they might be intended to resolve the merits of Plaintiff's claims against them.  Defendants rely upon the entire record of this case.

**ANSWER**

RESPONSES TO AVERMENTS

1.      Defendants lack the information or knowledge to admit or deny the averments set forth in Paragraph No. 1 and demand strict proof thereof.

2.      Whether Focus may be served process as alleged calls for a legal conclusion that does not necessitate a response.  Focus denies that it is improperly conducting business in Shelby County, Tennessee.  Focus admits that it is a for-profit company.

3.      Whether Mr. Chandel may be served process as alleged calls for a legal conclusion and does not necessitate a response.  Mr. Chandel admits that he is a resident citizen of California.

4.      Paragraph No. 4 does not set forth any averment of fact and does not necessitate a response.

5.      Whether this Court has personal jurisdiction over Defendants and whether venue is proper call for legal conclusions that do not necessitate a response.

6.      Defendants admit the averments set forth in Paragraph No. 6.

7.      Defendants admit the averments set forth in Paragraph No. 7.

8.      Defendants deny that Mr. Chandel is liable to Plaintiff under any theory of law or recovery.  Defendants admit that Mr. Chandel made the representations set forth in the preceding paragraph of this Answer.  The remainder of Paragraph No. 8 does not set forth any averment of fact and does not necessitate a response.

9.      Defendants admit that Plaintiff entered into an agreement with Defendants, which is Exhibit 1 to the Complaint.  Whether Plaintiff entered into such agreement in reasonable reliance

upon the representations made by Defendants calls for a legal conclusion and does not necessitate a response.

10.    Defendants admit that, on July 18, 2024, Plaintiff paid Defendants $18,000. Defendant admits that it represented to Plaintiff that it would handle aspects of implementing the tax strategy, including tax filing, LLC setup, and arranging equipment leasing, but denies that it represented that it would handle "all" aspects of implementing the tax strategy.  The remainder of Paragraph No. 10 calls for a legal conclusion and does not necessitate a response.

11.    Defendants admit the averments set forth in Paragraph No. 11.

12.    Defendants lack the knowledge or information to admit or deny whether it appeared to Plaintiff that "the Defendant was proceeding forward with implementing the tax saving strategies that were represented to the Plaintiff by the Defendant," and demand strict proof thereof. Defendants admit that an LLC was set up for Plaintiff.

13.    Defendants lack the knowledge or information to admit or deny whether it appeared to Plaintiff that the communications and work regarding "tax saving strategies" stopped and became almost non-existent.  Defendants deny that Plaintiff experienced significant and substantial delays on the part of Defendants.

14.    Defendants admit the averments set forth in the first sentence of Paragraph No. 14. Defendants deny the remainder of Paragraph No. 14 as stated.

15.    Defendants deny the averments set forth in Paragraph No. 15.

16.    Defendants deny that Plaintiff demanded recission or that the contract be cancelled. Defendants admit the remaining averments set forth in Paragraph No. 16.

17.    Defendants lack the information or knowledge sufficient to admit or deny when Plaintiff retained counsel.  Defendants deny that they received any communication from Plaintiff's counsel.

18.    Defendants deny the averments set forth in Paragraph No. 18.

19.    Defendants incorporate by reference all other paragraphs of their Answer, as if fully set forth herein.

20.    Defendants deny breach of contract.

21.    Defendants deny the averments set forth in Paragraph No. 21.

22.    Defendants deny the averments set forth in Paragraph No. 22.

23.    Defendants deny the averments set forth in Paragraph No. 23.

24.    Defendants incorporate by reference all other paragraphs of their Answer, as if fully set forth herein.

25.    Defendants deny any breach of the implied covenant of good faith and fair dealing.

26.    Paragraph No. 26 calls for legal conclusions and does not necessitate a response.

27.    Defendants deny the averments set forth in Paragraph No. 27.

28.    Paragraph No. 28 calls for a legal conclusion and does not necessitate a response.

29.    Defendants deny the averments set forth in Paragraph No. 29.

30.    Defendants deny the averments set forth in Paragraph No. 30.

31.    Defendants incorporate by reference all other paragraphs of their Answer, as if fully set forth herein.

32.    Defendants deny the averments set forth in Paragraph No. 32.

33.    Defendants deny the averments set forth in Paragraph No. 33.

34.    Defendants deny the averments set forth in Paragraph No. 34.

35.    Defendants deny the averments set forth in Paragraph No. 35.

36.    Defendants deny the averments set forth in Paragraph No. 36.

37.    Defendants deny the averments set forth in Paragraph No. 37.

38.    Defendants deny the averments set forth in Paragraph No. 38.

39.    Defendants incorporate by reference all other paragraphs of their Answer, as if fully set forth herein.

40.    Defendants deny any violation of the Tennessee Consumer Protection Act.

41.    Defendants deny the averments set forth in Paragraph No. 41.

42.    Defendants deny the averments set forth in Paragraph No. 42.

43.    Defendants incorporate by reference all other paragraphs of their Answer, as if fully set forth herein.

44.    Paragraph No. 44 calls for legal conclusions and does not necessitate a response.

45.    Defendants deny the averments set forth in Paragraph No. 45.

46.    Defendants deny the averments set forth in Paragraph No. 46.

47.    Defendants join in Plaintiff's demand for a trial by jury of twelve.

48.    In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief sought and denies that they are liable to Plaintiff under any theory of law or recovery.

49.    To the extent Defendants failed to admit or deny and averment of fact directed toward either or both Defendants, they deny the same.

<u>DEFENSES</u>

50.    Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

51.    Defendants move to dismiss any claim for fraud or misrepresentation, other those based on grounds set forth in Paragraph No. 32 of the Complaint, for failure to state a claim upon which relief may be granted.  Fraud must be plead with particularity.  Tenn. R. Civ. P. 9.02.  Other than those grounds set forth in Paragraph No. 32, Plaintiff did not plead any other basis for his claims for fraud and misrepresentation.  Because no other bases were plead, no other bases were plead with particularity.  As such, this Court should dismiss all claims for fraud and/or misrepresentation based on any grounds other than those set forth in Paragraph No. 32.

52.    Defendants move to dismiss Plaintiff's claim for violation of the Tennessee Consumer Protection Act.  A claim for violation of the Tennessee Consumer Protection Act must be plead with particularity, pursuant to Rule 9.02 of the Tennessee Rules of Civil Procedure. Meade v. Paducah Nissan, LLC, No. M2021-00563-COA-R3-CV, 2022 Tenn. App. LEXIS 225, at *26 (Tenn. Ct. App. Jun. 9. 2022).  Plaintiff failed to plead his claim for violation of the Tennessee Consumer Protection Act with particularity, rendering it subject to dismissal for failure to state a claim upon which relief may be granted.

53.    Defendants move to dismiss Plaintiff's claim for joint and several liability for failure to state a claim upon which relief may be granted.  Joint and several liability was abolished in this context by statute.  Tenn. Code Ann. § 29-11-107(a).

54.    Defendants move to dismiss Plaintiff's claim for piercing the corporate veil for failure to state a claim upon which relief may be granted.  Plaintiff failed to plead essential elements for piercing the corporate veil.

55.    Defendants move to dismiss Plaintiff's claim for injunctive relief for failure to state a claim upon which relief may be granted.  Plaintiff failed to plead essential elements for injunctive relief.

56.     Defendants assert the equitable defenses of laches, estoppel, waiver, and unclean hands.  Plaintiff refused to execute a bank engagement letter that was necessary to proceed with the planned tax strategy.

57.     Defendants assert the defenses of impossibility and frustration of purpose. Defendants could not fully implement the tax strategy because Plaintiff refused to cooperate with its implementation.

58.     Defendants are entitled to recover the attorney's fees and costs incurred in defending against such claims.  Tenn. Code Ann. § 47-18-109(e)(2).

59.     Defendants assert the defenses set forth in the Tennessee Consumer Protection Act.

60.     Defendants assert that Plaintiff was guilty of first breach, repudiation, failure of performance, and prevention of performance, preventing Plaintiff's recovery under the contract. Plaintiff failed to cooperate in implementation of the tax plan, which prevented it from being implemented.

61.     Defendants assert that they breached neither a contract with Plaintiff nor a duty of care to Plaintiff.  No action on the part of Defendants caused Plaintiff any injury or damages.

62.     Defendants assert that Plaintiff is not entitled to recover both punitive damages and treble damages under the Tennessee Consumer Protection Act.  Tenn. Code Ann. § 47-18-109(a)(3).

63.     To the extent punitive damages are sought and if permitted, Plaintiff's claim for punitive damages is limited and restricted by the holding of the United States Supreme Court in the case of <u>State Farm Mutual Ins. Co. v. Campbell</u>, 123 S. Ct. 1513 (2003). Further, Defendants aver that the imposition of punitive damages against them would violate their rights not only under the Due Process clause, but also the equal protection guaranteed by the Fourteenth Amendment to

the United States Constitution and/or the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution, and also the provisions of the Tennessee Constitution providing for Due Process, equal protection and guarantee against double jeopardy.  BMW of N. Am. v. Gore, 517 U.S. 559, 575–86 (1996); see also Flax v. DaimlerChrysler Corp., 272 S.W.3d 521, 537–41 (Tenn. 2008), *superseded by statute on other grounds as stated in* Cone v. Hankook Tire Co., No. 14-1122, 2017 U.S. Dist. LEXIS 8607, at *19–20 (W.D. Tenn. Jan. 23, 2017).

64. While denying liability therefore, to the extent that any claim for punitive damages may be stated or proven by Plaintiff, this Defendant moves the court to bifurcate the issues of liability for punitive damages from the issue of any amount of punitive damages to which Plaintiff may show entitlement.

65. This cause of action is subject to the caps on damages and other provisions of the Tennessee Civil Justice Act of 2011.

## **CONCLUSION**

And now, having fully answered the allegations of the Complaint, Defendants request a dismissal of the lawsuit against them with prejudice and requests all costs be assessed against the Plaintiff.

Respectfully submitted,

**LEWIS THOMASON**


BY:  s/ William C. Podesta
WILLIAM C. PODESTA (36303)
40 South Main, Suite 2900
Memphis, TN   38103-5529
(901) 525-8721
wpodesta@lewisthomason.com
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing has been forwarded to counsel of record below via electronic mail and/or U.S. Mail, postage pre-paid on the 20th day of May, 2025.

Kevin Snider, Esq.
SNIDER HORNER, PLLC
Corporate Gardens
9056 Stone Walk Place
Germantown, TN  38138
*Attorneys for Plaintiffs*


   s/ William C. Podesta
WILLIAM C. PODESTA

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2025 Mar 19 12:49 PM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

◉ Lawsuit
◯ Divorce

Docket No. CT-1103-25 Div. I

Ad Damnum $ _____

| SHANKHO GANGULI | VS | FOCUS CPA GROUP, INC., and AMIT CHANDEL, Individually |
|---|---|---|

Plaintiff(s)                              Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Amit Chandel
3000 E. Birch Street, Suite 103
Brea, California 92821

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **Kevin A. Snider of Snider & Horner, PLLC**    Plaintiff's

attorney, whose address is **9056 Stone Walk Place, Germantown, TN 38138**

telephone **(901) 751-3777**    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____ , D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master    By: _____ , D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___3___ day of ___April___, 20 _25_ at _1:50_ P.M. a copy of the summons

and a copy of the Complaint to the following Defendant ___Amit Chandel, Agent___

at ___3000 East Birch Street 103, Brea, CA 92821___

By: ___Carlos Alvarez___

_____    ~~Sheriff~~ or other authorized person to serve process
Signature of person accepting service

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**     SHANKHO GANGULI VS FOCUS CPA GROUP INC

**Case Number:**    CT-1103-25

**Type:**           SUMMONS ISSD TO MISC

Kelley Turner, DC

Electronically signed on 03/20/2025 06:42:44 AM

## AFFIDAVIT OF SERVICE

| Case:<br>CT-<br>1103-<br>25 | Court:<br>IN THE CIRCUIT COURT OF TENNESSEE FOR THE<br>THIRTIETH JUDICIAL DISTRICT AT MEMPHIS | County: | Job:<br>13076896 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>SHANKHO GANGULI | | Defendant / Respondent:<br>FOCUS CPA GROUP, INC. AND AMIT CHANDEL, INDIVIDUALLY | |
| Received by:<br>C.A. PROCESS SERVICE | | For:<br>Track and Trace Legal Services | |
| To be served upon:<br>AMIT CHANDEL, INDIVIDUALLY | | | |

I, CA PROCESS SERVICE CARLOS ABREGO , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   AMIT CHANDEL/AGENT, 3000 EAST BIRCH STREET 103, BREA, CA 92821

Manner of Service:   Personal/Individual, Apr 3, 2025, 1:50 pm PDT

Documents:   SUMMON IN A CIVIL ACTION, COMPLAINT FOR RESCISSION AND/OR DAMAGES

Additional Comments:
1) Successful Attempt: Apr 3, 2025, 1:50 pm PDT at 3000 EAST BIRCH STREET 103, BREA, CA 92821 received by AMIT CHANDEL/AGENT.

_____   04/09/2025

CA PROCESS SERVICE CARLOS ABREGO    Date
Los Angeles County Registration #6456

C.A. PROCESS SERVICE
14800 Rinaldi St. #24
Mission Hills, CA 91345
818-424-9934

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2025 Mar 19 12:49 PM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. CT-1103-25 Div. I

⦿ Lawsuit
◯ Divorce

Ad Damnum $ _____

| SHANKHO GANGULI | VS | FOCUS CPA GROUP, INC., and AMIT CHANDEL, Individually |
|---|---|---|

Plaintiff(s)                                                      Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

FOCUS CPA GROUP, INC
Serve Registered Agent/Owner or managing shareholder: Amit Chandel
3000 E. Birch Street, Suite 103
Brea, California 92821

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
⦿ Private Process Server
◯ Other _____
($) Attach Required Fees

FILED
CIRCUIT COURT
MAY 06 2025
BY _____ CLERK

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Kevin A. Snider of Snider & Horner, PLLC        Plaintiff's

attorney, whose address is 9056 Stone Walk Place, Germantown, TN 38138

telephone (901) 751-3777              within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____        By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __3__ day of __April__, 20_25_ at _1:50_ _P_. M. a copy of the summons

and a copy of the Complaint to the following Defendant _Focus CPA Group Inc. — Amit Chandel, Agent_

at __3000 E Birch Street 103, Brea, CA 92821__

By: __Carlos Abrego__

_____          _____
Signature of person accepting service                Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        SHANKHO GANGULI VS FOCUS CPA GROUP INC

**Case Number:**     CT-1103-25

**Type:**             SUMMONS ISSD TO MISC

Kelley Turner, DC

Electronically signed on 03/20/2025 06:42:44 AM

## AFFIDAVIT OF SERVICE

| Case: CT-1103-25 | Court: IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS | County: | Job: 13076892 |
|---|---|---|---|
| Plaintiff / Petitioner: SHANKHO GANGULI | | Defendant / Respondent: FOCUS CPA GROUP, INC. AND AMIT CHANDEL, INDIVIDUALLY | |
| Received by: C.A. PROCESS SERVICE | | For: Track and Trace Legal Services | |
| To be served upon: FOCUS CPA GROUP, INC. | | | |

I, CA PROCESS SERVICE CARLOS ABREGO , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    AMIT CHANDEL/AGENT, 3000 EAST BIRCH STREET 103, BREA, CA 92821

Manner of Service:    Registered Agent, Apr 3, 2025, 1:50 pm PDT

Documents:    SUMMON IN A CIVIL ACTION, COMPLAINT FOR RESCISSION AND/OR DAMAGES

### Additional Comments:

1) Successful Attempt: Apr 3, 2025, 1:50 pm PDT at 3000 EAST BIRCH STREET 103, BREA, CA 92821 received by AMIT CHANDEL/AGENT.

04/09/2025

CA PROCESS SERVICE CARLOS ABREGO    **Date**
Los Angeles County Registration #6456

C.A. PROCESS SERVICE
14800 Rinaldi St. #24
Mission Hills, CA 91345
818-424-9934

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2025 Mar 19 12:49 PM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

○ Lawsuit
○ Divorce

Docket No. _____

Ad Damnum $ _____

| SHANKHO GANGULI | | FOCUS CPA GROUP, INC., and AMIT CHANDEL, Individually |
|---|---|---|
| | VS | |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

FOCUS CPA GROUP, INC
Serve Registered Agent/Owner or managing shareholder: Amit Chandel
3000 E. Birch Street, Suite 103
Brea, California 92821

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Kevin A. Snider of Snider & Horner, PLLC    Plaintiff's attorney, whose address is 9056 Stone Walk Place, Germantown, TN 38138

telephone (901) 751-3777    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____ , D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

JAMITA SWEARENGEN , Clerk / W. AARON HALL, Clerk and Master    By: _____ , D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**          SHANKHO GANGULI VS FOCUS CPA GROUP INC

**Case Number:**         CT-1103-25

**Type:**                SUMMONS ISSD TO MISC

Kelley Turner, DC

Electronically signed on 03/20/2025 06:42:44 AM

ELECTRONICALLY FILED
2025 Mar 19 12:49 PM
CLERK OF COURT - CIRCUIT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____

⊙ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| SHANKHO GANGULI | VS | FOCUS CPA GROUP, INC., and AMIT CHANDEL, Individually |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Amit Chandel
3000 E. Birch Street, Suite 103
Brea, California 92821

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
⊙ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Kevin A. Snider of Snider & Horner, PLLC        Plaintiff's attorney, whose address is 9056 Stone Walk Place, Germantown, TN 38138

telephone (901) 751-3777        within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JAMITA SWEARENGEN , Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        SHANKHO GANGULI VS FOCUS CPA GROUP INC

**Case Number:**       CT-1103-25

**Type:**              SUMMONS ISSD TO MISC

Kelley Turner, DC

Electronically signed on 03/20/2025 06:42:44 AM

ELECTRONICALLY FILED
2025 Mar 19 12:49 PM
CLERK OF COURT - CIRCUIT





**Exhibit**

**l**

July 7, 2024

Dr Shankho S Ganguli
8935 Riverwood Farms Pkwy
Cordova TN 38016

Dear Dr Shankho S Ganguli:

This letter is to confirm our understanding of the terms and conditions of our year-end tax planning engagement commencing 2024 and to clarify the nature and limitations of the services we will provide.

We will project your taxable income and related estimated income tax liability for the calendar year 2024, based on information you provided to us.

In connection with the income tax projection, we will provide you with a summary of tax planning strategies that may reduce your 2024 tax liability. We will meet with you to discuss the tax strategies available to you, and you will be given the opportunity to choose which best fits your tax needs. If these strategies require additional research or services to implement, we will proceed only if you engage us to perform these additional services.

The income tax planning process requires your cooperation in providing various types of information and documents concerning your personal financial and tax situation. Our quoted fees contemplate your active participation in the process and the appropriateness of our recommendations depends on the reliability of the information you provide to us. We will not audit or otherwise verify the data submitted by you that is used in our calculations and planning; however, we may ask for additional clarification of some information. Income tax planning will need to be developed with a reasonable compensation study.

In order to ensure that the tax plan contains sound and appropriate recommendations, it is your responsibility to provide complete and accurate information regarding pertinent aspects of your personal and financial situation including objectives, needs and values, investment statements, tax returns, copies of wills, powers of attorney, insurance policies, employment benefits, retirement benefits, and relevant legal agreements. This list is not all-inclusive and any



*Member:*
*American Institute of Certified Public Accountants*
*American Institute of Certified Tax Planners*
*National Association of Certified Valuation*
*Analysts  American Society of IRS Problem Solvers*
*Los Angeles County Bar Association*
*Business Enterprise Intitute*



America Counts on CPAs



**3000 E BIRCH STREET, SUITE 103 BREA, CALIFORNIA 92821**
**TEL: (562) 281-1040 * FAX: (714) 482-2430**

other relevant information should be disclosed in a timely manner. It is your responsibility to ensure that any material changes to the above noted circumstances are disclosed to me as your tax planner on a timely basis since they could impact the tax planning recommendations.

We have no known conflicts of interest in the acceptance of this engagement. We commit that we will advise you of any conflicts of interest, in writing, if they should arise. We acknowledge our responsibility to adhere to the standards established in American Institute of Certified Tax Coach's *Code of Ethics*. This includes placing your interest ahead of my own when providing professional services. In addition, since this engagement includes tax-planning services, I am required to act with professional responsibility as outlined by the Internal Revenue Service.

This engagement is not designed to detect irregularities, including fraud and defalcation that may be made in the materials provided to us. Our services are designed to supplement your own tax planning and they are not meant to mitigate the necessity of ongoing review.

We will treat all such data as confidential information except that we may make such information available to your other advisors or to consultants retained by us to assist in this engagement.

We are not registered investment advisors and, therefore, will not give any investment advice. We will, however, coordinate our income tax planning activities with the Westpac Team since they understand tax planning.

You will, of course, be free to follow or disregard, in whole or in part, any recommendations we may make. You will be responsible for any and all decisions regarding implementation of the recommendations. At your request, we will be happy to coordinate implementation.

The tax projections and advice reflect our professional judgment based on the facts you provide us, and the current tax law. Subsequent developments changing the facts or the applicable tax authorities may affect the advice previously provided. If we are additionally engaged to assist in the implementation procedures of the advice offered, we will continue to advise you of any changes as warranted by new developments in tax authorities; otherwise, we cannot be held responsible for changes occurring between the time we offer advice and the time you implement it.

By your signature below, you acknowledge that you are responsible for management decisions and functions. That responsibility includes designating qualified individuals with the necessary expertise to be responsible and accountable for overseeing all the specific services we perform as part of this engagement, as well as evaluating the adequacy and results of the services performed. You are responsible for establishing and maintaining internal controls, including monitoring ongoing activities.

Federal law has extended the attorney-client privilege to some, but not all, communications between a client and the client's CPA. The privilege applies only to non-criminal tax matters

that are before the IRS or brought by or against the U.S. government in a federal court. The communications must be made in connection with tax advice. Communications solely concerning the preparation of a tax return will not be privileged.

In addition, your confidentiality privilege can be inadvertently waived if you discuss the contents of any privileged communication with a third party, such as a lending institution, a friend, or a business associate. We recommend that you contact us before releasing any privileged information to a third party.

The Internal Revenue Code, as amended by the Internal Revenue Service Restructuring and Reform Act of 1998, extends a CPA–client confidentiality privilege to qualified tax advice that we provide to you. In order to ensure that all communications resulting from tax advice is covered under the privilege umbrella of the Act, we are asking you to confirm the following arrangements:

Privileged tax advice **does not** include communications associated with the preparation of tax returns, tax accrual work papers associated with a financial audit or other financial statement engagement, or in providing general business or accounting recommendations or other non-tax engagements for which a separate engagement letter will be provided. For the strategies we have advised as of the date, we provide an audit protection.

You may assert the confidentiality privilege in any noncriminal tax matter before the Internal Revenue Service or any proceeding in federal court brought by or against the United States. We will not disclose any advice provided under the scope of this engagement letter to the Internal Revenue Service or third parties unless you provide us written consent to do so. Any disclosure of confidential information by you or us to the IRS or third parties may cause the Confidentiality Privilege to be waived. Caution must be taken by both parties to not inadvertently waive the privilege.

You should notify us of any requests by the Internal Revenue Service for information about any tax advice or tax advice documents provided by us to you.

If you advise us to assert the Confidentiality Privilege on your behalf, you agree to hold Focus CPA Group Inc harmless and indemnify us for any attorney fees and any other costs and expenses (including penalties) incurred by us in defending the confidential communication. In the event that our firm receives a request from a third party (including a subpoena, summons, or discovery demand in litigation) calling for the production of privileged information, my firm will promptly notify you. If you instruct our firm in writing to assert the privilege on your behalf, our firm will do so to the extent allowed by law. You hereby undertake to hold our firm harmless from and be.

You are responsible for any expenses (including attorney's fees, court costs, and any other costs imposed whether by way of penalty or otherwise) incurred by our firm as a result of your assertion of the privilege or your direction to our firm to assert the privilege on your behalf.

If we are asked to disclose any privileged communication, unless we are required to disclose the communication by law, we will not provide such disclosure until you have had an opportunity to argue that the communication is privileged. You agree to pay any and all reasonable expenses that we incur, including legal fees, that are a result of attempts to protect any communication as privileged. You may be required to file various other tax returns and reports with governmental agencies. These include (but are not limited to) income tax returns, estimated tax returns, payroll tax returns, payroll deposits, and real and personal property tax statements. If you retain our services for the preparation of any of the aforementioned returns and reports, we will cover the terms and conditions of those services under separate engagement letters.

Our services for this work will be charged on a flat-fee basis **inclusive of audit protection & guarantee for strategies recommended and tax preparation and 4 quarterly meetings**. Your investment for tax planning to Focus CPA Group Inc will be **$18,000.** Please return a signed copy of this engagement letter and please wire to this account, *Routing # 121137522, Account # 1895659462 or use link sent via separate email. If you did not get it, please copy and paste the link provided at the end of this document, in your browser.* Third party fees will be applicable when exercising those particular strategies as discussed. Any additional service such as sale of assets or other not outlined, will require a separate engagement letter for that service and fees pertaining to that service will be determined at that time. Please be advised that we do not receive a referral fee from any other professionals to whom you may be referred. Payment for services is due as mentioned above. Payments are due upon signing of the engagement letter. If billings are past due in excess of 15 days, at our election, we may stop all work until your account is brought current or withdraw from this engagement. **Dr Shankho S Ganguli** acknowledges and agree that we are not required to continue work in the event of failure to pay on a timely basis for services rendered as required by this engagement letter. **Dr Shankho S Ganguli** further acknowledge and agrees that in the event we stop work or withdraw from this engagement as a result of, **Dr Shankho S Ganguli's** failure to pay on a timely basis for services rendered as required by this engagement letter, we shall not be liable to **Dr Shankho S Ganguli** and his estate for any damages that occur as a result of our ceasing to render services.

It is our policy to keep records related to this engagement for 3 years. However, Focus CPA Group Inc does not keep any original client records, so we will return those to you at the completion of the services rendered under this engagement. When records are returned to you, it is your responsibility to retain and protect your records for possible future use, including potential examination by any government or regulatory agencies.

**Beneficial ownership interest (BOI) reporting**

The Corporate Transparency Act (CTA) requires the disclosure of the beneficial ownership information of certain entities to the Financial Crimes Enforcement Network (FinCEN) **starting in January 1, 2024.** This is not a tax filing requirement, but an online report to be completed if applicable to FinCEN. There are severe penalties for businesses who willingly do not comply with the requirements.

By your signature below, you acknowledge and agree that upon the expiration of the 3-year period Focus CPA Group Inc shall be free to destroy our records related to this engagement.

If a dispute arises among the parties hereto, the parties agree to first try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Rules for Professional Accounting and Related Services Disputes before resorting to litigation. All parties shall share the costs of any mediation proceeding equally.

Client and accountant both agree that any dispute over fees charged by the accountant to the client will be submitted for resolution by arbitration in accordance with the Rules for Professional Accounting and Related Services Disputes of the American Arbitration Association. Such arbitration shall be binding and final. IN AGREEING TO ARBITRATION, WE BOTH ACKNOWLEDGE THAT, IN THE EVENT OF A DISPUTE OVER FEES CHARGED BY THE ACCOUNTANT, EACH OF US IS GIVING UP THE RIGHT TO HAVE THE DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY AND INSTEAD WE ARE ACCEPTING THE USE OF ARBITRATION FOR RESOLUTION.

We shall be pleased to discuss this letter with you at any time. If the foregoing is in accordance with your understanding, please sign the copy of this letter and return it to us.

We look forward to working with you and helping you reach your financial goals.

Sincerely,

Amit Chandel
CPA, CTS, CTP, CTC, TEP, CVA, CFE, CTRS, CExP, CGMA, LLM (tax)

**FOCUS CPA GROUP INC**

The above letter sets forth my understanding of the terms and objectives of the engagement to provide tax planning services.

**AGREED AND ACCEPTED:**

Client Representative

Sincerely,

**Dr Shankho S Ganguli**

Date:
https://secure.cpacharge.com/pages/focuscpa/payments?reference=2024%20Tax%20Planning%20fee&readOnlyFields=reference&amount=18000.00 - **To Pay.**